# Amity Township *versus* Reed.

1. The General Bounty Act of March 15th 1865, and the special Act of March 10th, relating to Erie county, leave the payment of bounties to drafted men wholly discretionary.

2. Resolutions by the road commissioners of Erie county to pay bounties to drafted men were passed after the war and after the men had been discharged from service. *Held,* that there was no obligation to compel payment of bounty, not even a moral obligation to support a promise.

3. Orders in favor of drafted men under the resolutions were mere gratuities and could be revoked before payment, being supported by no consideration.

4. The service of a drafted man is not performed for the state, but for the United States: is not voluntary, but compulsory.

October 22d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD, and WILLIAMS, JJ.

[Amity Township v. Reed.]

Error to the Court of Common Pleas of *Erie county :* No. 40, to October and November Term 1869.

In the court below Edwin Reed, on the 28th of November 1867, brought an action of assumpsit against Amity township, Erie county. The cause of action was the following order :—

" 200. Treasurer of Amity township pay Edwin Reed two hundred dollars, bounty-money, eleven months from date without interest.

HIRAM B. BALDWIN,

IRA CHAFFEE,

" December 2d 1865.    Road Commissioners."

Under the draft ordered by the President of the United States in March 1865, the quota of Amity township was fixed at 11. Volunteers not having been obtained, that number amongst whom was the plaintiff, were drafted; these men were mustered into service in April and discharged in June 1865. By an Act, passed March 10th 1865, the road commissioners of any township in Erie county were authorized " to pay a bounty not exceeding $300 to any man who may be drafted and held to service, or who shall furnish an acceptable substitute, and levy taxes therefor." The general Act of March 15th 1865 authorizes a bounty to be paid " to any person drafted into the service of the United States and serving therein."

On the trial before Vincent, J., the plaintiff gave the order in evidence and proved that it had been presented for payment about January 1st 1867 to the township treasurer, who declined to pay it, saying that he had no money. Baldwin, one of the commissioners, testified that he had signed the order; that they had meetings to decide the bounty question and decided to give $200 to each man; the meetings were in June and in the fall of 1865; that the order in suit was given under that decision; that the orders were delivered to their clerk to hold till further action, they having heard that the law had been decided unconstitutional. There was other evidence of the same character. The road commissioners, in March 1867, adopted resolutions rescinding those for payment of the orders to drafted men.

There were a number of points submitted by the defendant, which it is not important to state, relating mainly to the validity of the Acts of Assembly above referred to.

The court denied the defendant's points, and charged that the plaintiff might recover ; and he obtained a verdict for $227.60.

The defendant took out a writ of error, and in a number of specifications, assigned the instructions of the court for error.

*E. Babbitt,* for plaintiff in error, referred to the special Act of March 10th 1865, relating to Erie county, Pamph. L. 312, and

the general Act of March 15th 1865, Pamph. L. 25; Speer *v.* Blairsville, 14 Wright 150; Norman *v.* Heist, 5 W. & S. 171; Guilford Sch. Dist. *v.* Zumbro, 5 P. F. Smith 432; Sharpless *v.* Philadelphia, 9 Harris 168; Grim *v.* Weissenberg, 7 P. F. Smith 437; Washington Co. *v.* Berwick, 6 Id. 466.

*W. Benson* and *J. H. Walker*, for defendant' in error, commented on the Acts of Assembly and cases cited by plaintiff in error.

The opinion of the court was delivered, October 28th 1869, by AGNEW, J.—We said, in Guilford District *v.* Zumbro, 5 P. F. Smith 432, that the decided cases were those of volunteers, and not of drafted men, and that the Act of 15th March 1865 leaves the payment of bounties to the latter wholly discretionary. The special act, relating to Erie county, of March 10th 1865, Pamph. L. 312, leaves it also discretionary. Neither is peremptory, and the road commissioners were therefore not required by the law to act under it.

In the present case no resolution was passed to pay bounties to drafted men, until after the close of the war, and after the plaintiff had been discharged from service. It is clear there was no obligation, by statute or otherwise, to compel payment of a bounty to him—not even a moral obligation to support a promise. The service of a drafted soldier is not performed for the state, but for the United States. It is not voluntary but compulsory under the demand of law. Unlike the case of a volunteer, who need not serve unless he choose, and who may therefore create a contract relation by his acceptance of an offered bounty, that of the drafted soldier rests alone on the performance of a strictly legal duty, which Congress had a right to demand of him. There was, therefore, not only no contract here, but no consideration to support a contract; and the order of the road commissioners on the treasurer was a mere gratuity, which it was competent for them to countermand, and which they did withdraw by their resolution rescinding and repealing their former resolution, before the money had been paid by the treasurer. Their warrant, like that of county commissioners, is but an authority to the treasurer to pay the sum stated, and, if unsupported by a valid consideration, can be revoked. We are of opinion, therefore, that the learned judge below erred in suffering a' recovery on the undisputed facts of the case, and the judgment is therefore reversed.